UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CITIMORTGAGE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:10CV1568 HEA |
| ) | |
| SOMONICH CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant Simonich Corporation's ("Defendant") Motion to Transfer Venue [Doc #11]. Plaintiff CITIMORTGAGE, INC. ("Plaintiff") opposes the Motion and has filed a written opposition thereto [Doc #16], to which Defendant has replied [Doc #20].

## Facts and Background

Defendant is a California corporation with its principal place of business in San Ramon California, which is located in the Northern District of California. Defendant is a Missouri corporation with its principal place of business in O'Fallon, Missouri, which is located in this District, the Eastern District of Missouri. On April 29, 2004, the parties allegedly entered into an agreement entitled "Correspondent Agreement Form 200" ("Agreement"). The Complaint alleges that pursuant to the Agreement, Plaintiff would purchase from Defendant

residential loans which were to comply with various requirements in the Agreement and an associated Correspondent Manual. Contained in the Agreement was the following provision regarding venue:

> [CitiMortgage] and [Simonich] agree that any action, suit or proceeding to enforce or defend any right or obligation under this agreement or otherwise arising out of either party's performance under this Agreement shall be brought in . . . the United States District Court for the Eastern District of Missouri and each party irrevocably submits to the jurisdiction of [this] forum and waives the defense of an inconvenient forum . . .

(Agreement, ¶ 12).

Plaintiff's Complaint alleges that Defendant breached the Agreement because at least eight of the loans it purchased from Defendant were originated or underwritten based on materially inaccurate information or material misrepresentations or omissions made by the borrower of other individuals associated with the Loans. Plaintiff further alleges that Defendant breached the Agreement by failing to cure the defects or repurchase the loans. Plaintiff filed the lawsuit in this Court pursuant to Section 12 of the Agreement.

## **Discussion**

Defendant urges the Court to transfer this case to the Northern District of California pursuant to 28 U.S.C. §1404(a). Section 1404(a) provides the following: "For the convenience of parties and witnesses, in the interest of justice,

a district court may transfer any civil action to any other district or division where it might have been brought." Although convenience of the parties is one factor, convenience of witnesses is the most important factor. *American Standard, Inc. v. Bendix Corp.,* 487 F.Supp.254, 261 (W.D.Mo.1980). The moving party bears the burden of showing that the transfer will be to a more convenient forum. *Id.* Section 1404(a)'s "any other district . . . where it might have been brought[.]" language relates to the time when the action was originally brought. *Id.* A district is one where the action "might have been brought" if, when the action began, (a) the proposed transferee court would have had subject matter jurisdiction over the action, (b) venue would have been proper there, and (c) the defendant would have been amenable to process issuing out of the transferee district court. *Id.* (citing 1 Moore's Federal Practice P 0.145 (6.-1), l.c. 1636 (2d ed.1979).

When Plaintiff initiated this suit, the Northern District of California could have had subject matter jurisdiction over this action. Defendant is the sole defendant in this action and, therefore, subject to personal jurisdiction in California. Furthermore, Plaintiff alleges misrepresentations, inaccurate information, and omissions associated with the loans. Considering the nature of Plaintiff's allegations, it is fair to conclude that Defendant's alleged behavior occurred in California as well. Additionally, when this action began, venue would

3

have been proper in the Northern District of California. Furthermore, when this action began, Defendant would have been amenable to process issuing out of the Northern District of California, despite the fact that they willfully entered into an agreement which designated this District in the forum selection clause. In light of all of these actions, this factor weighs slightly in favor of Defendant.

The next factor for the Court to consider is the convenience of the parties and witnesses. With regard to convenience of the parties, this factor does not favor either side. It would be more convenient for Defendant to try this case in the Northern District of California, and more convenient for Plaintiff to try the case in this District. Generally, the most important factor in passing on a motion for transfer under s 1404(a) is the convenience of witnesses. *Id.* at 262. (Citing *Saminsky v. Occidental Petroleum Corp*. (S.D.N.Y. 1974); 15 Wright, Miller & Cooper, Federal Practice And Procedure s 3851, l.c. 264 (1976); Annot., 1 A.L.R.Fed. 15, l.c. s 8 (1969). "The number of potential witnesses located in or near a suggested forum as well as the 'the nature and quality of their testimony in relationship to the issues of the case' must be considered." *Midwest Mechanical Contractors v. Tampa Constructors, Inc.,* 59 F.Supp. 529, 532 (W.D.Mo.1987), *quoting Houk v. Kimberly-Clark Corp.,* 613 F.Supp.923, 928 (W.D.Mo.1985).

4

Defendant contends that the overwhelming majority of witnesses with any knowledge of the Loans are located in California, with the exception of one witness located in Nevada.  Defendant, however, has failed to provide the names and information of any of these key witnesses.  The court in *American Standard, Inc.* addressed this very issue and quoted the following excerpt from 15 Wright, Miller & Cooper, Federal Practice and Procedures 3851, l.c. 270-271 (1976): "The party seeking the transfer must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover.  The emphasis must be on this showing . . ." *American Standard, Inc v Bendix Corp.,* 487 F.Supp.254, 262-263 (D.C.Mo.1980).  Defendant contends that their potential witnesses are independent mortgage brokers who originated the loans, the loan processors and the title and escrow companies located in California.  Defendant fails to "clearly specify the key witnesses" and make a statement as to what their testimony will actually cover.  Instead they offer a general statement as to who these potential witnesses may be.  This does not satisfy their burden to prove that a transfer would be more convenient for the witnesses. As such, this crucial factor weighs in favor of Plaintiff.

## Conclusion

Considering the foregoing factors jointly, as well as individually, it is concluded that Defendant has failed to meet its burden of proof that transfer of venue is proper. Considering the existence of a forum selection clause, and Defendant's failure to prove the significant "convenience of witness factor," the interests of justice do not warrant transfer of this action from this district under §1404(a).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Transfer Venue [Doc #11] is **DENIED**.

Dated this 30th day of September, 2011.

                              HENRY EDWARD AUTREY
                          UNITED STATES DISTRICT JUDGE