UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CITIMORTGAGE, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | )    No.  4:10-CV-1568 |
| SOMONICH CORPORATION, | ) ) ) |
| Defendant. | ) ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon Defendants' Motion for Reconsideration of the Court's October 3rd, 2011 Memorandum and Order [ECF. No. 23].  Plaintiff has filed an opposition to the motion [ECF No. 33].

The Federal Rules of Civil Procedure "do not mention motions for reconsideration." *Broadway v. Norris,* 193 F.3d 987, 989 (8th Cir.1999).  "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'  11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127-128 (2d ed.1995) (footnotes omitted)."  *Exxon Shipping Co. v. Baker*, __ U.S. __, 128 S.Ct. 2605, 2617, n. 5 (2008).  Rule 59(e) was adopted to clarify that "the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dep't of Employment Sec*., 455 U.S. 445, 450, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982) (internal quotations omitted).  Moreover, "Rule 59(e) motions serve the limited function of correcting manifest errors of

law or fact or to present newly discovered evidence." *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir.1998),(internal punctuation and citations omitted). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir.2006) (quoting *Innovative Home Health Care*, 141 F.3d at 1286)).

In its Motion, Defendant attempts to persuade the Court to reconsider its findings which led to the conclusion that transfer of venue was not proper. Defendant has presented nothing new, it has simply provided more information about witnesses–information that was available from the outset that Defendant failed to include. Nor has Defendant pointed the Court to any mistake so severe as to establish manifest error. The Court articulated its reasoning in finding that Defendant was not entitled to a transfer of venue. Upon consideration, the Court will deny Defendants' motion.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Reconsideration [Doc. 23] is **DENIED**.

Dated this 8th day of August, 2012.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE